IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAURICE HAYMON JR.;<br>KELLY RAE DIONNE;<br>LAMAR WARREN,<br>a/k/a L.A.;<br>JOSEPH CHRISTOPHER ANTHONY MARTELL;<br>JACY EVELYN SMITH;<br>JOSEPH KEVIN JOHN THOMPSON;<br>DESTRY SIMMONS;<br>OTIS MANNING,<br>a/k/a MAPLE G,<br>a/k/a O-DOGG MANNING;<br>AMANDA LUEDTKE; and<br>COLLIN POSEY,<br>a/k/a COLE | **I N D I C T M E N T**<br><br>Case No. _____<br><br>Violations: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846; 18 U.S.C. §§ 922(g)(1), 922(j), 924(a)(2), 924(a)(8), 924(c)(1)(A), 1956(h), and 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and
Distribute Controlled Substances**

The Grand Jury Charges:

From in or about 2022 to the present, in the Districts of North Dakota, Minnesota,

and elsewhere,

MAURICE HAYMON JR.;
KELLY RAE DIONNE;
LAMAR WARREN, a/k/a L.A.;
JOSEPH CHRISTOPHER ANTHONY MARTELL;
JACY EVELYN SMITH;
JOSEPH KEVIN JOHN THOMPSON;
DESTRY SIMMONS;
OTIS MANNING, a/k/a MAPLE G, a/k/a O-DOGG MANNING;

AMANDA LUEDTKE; and
COLLIN POSEY, a/k/a COLE,

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute controlled substances, including: (i) a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and (ii) a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## DRUG QUANTITY

With respect to MAURICE HAYMON JR.; KELLY RAE DIONNE; JOSEPH CHRISTOPHER ANTHONY MARTELL; JOSEPH KEVIN JOHN THOMPSON; and DESTRY SIMMONS, the amount involved in the conspiracy attributable to each of these individuals as a result of each individual's own conduct, and of the conduct of other conspirators reasonably foreseeable to the individuals, is 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to LAMAR WARREN, a/k/a L.A.; OTIS MANNING, a/k/a MAPLE G, a/k/a O-DOGG MANNING; AMANDA LUEDTKE; and COLLIN POSEY, a/k/a COLE, the amount involved in the conspiracy attributable to each of these individuals as a result of each individual's own conduct, and of the conduct of other conspirators

reasonably foreseeable to the individuals, is 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to KELLY RAE DIONNE; JOSEPH CHRISTOPHER ANTHONY MARTELL; and JOSEPH KEVIN JOHN THOMPSON, the amount involved in the conspiracy attributable to each of these individuals as a result of each individual's own conduct, and the conduct of other conspirators reasonably foreseeable to the individuals, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to JACEY EVELYN SMITH, the amount involved in the conspiracy attributable to this individual as a result of that individual's own conduct, and the conduct of other conspirators reasonably foreseeable to the individuals, is 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## OVERT ACTS

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that one or more of the conspirators traveled between the states of Minnesota, North Dakota, and elsewhere, to obtain, transport, and distribute methamphetamine and fentanyl;

2. It was a part of said conspiracy that the conspirators and others would and did distribute and possess with intent to distribute a mixture and substance containing a

detectable amount of methamphetamine and fentanyl, both Schedule II controlled substances, in or near the Turtle Mountain Indian Reservation, North Dakota; Minot, North Dakota; and elsewhere, including but not limited to:

    (a) On or about November 24, 2023, MAURICE HAYMON JR., individually, and by aiding and abetting, possessed with intent to distribute a controlled substance, namely, approximately 4 pounds of fentanyl;

    (b) On or about January 29, 2024, JOSEPH CHRISTOPHER ANTHONY MARTELL, individually, and by aiding and abetting, possessed with intent to distribute a controlled substance, namely, approximately 60 grams of methamphetamine;

    (c) On or about January 29, 2024, JOSEPH CHRISTOPHER ANTHONY MARTELL, individually, and by aiding and abetting, possessed with intent to distribute a controlled substance, namely, fentanyl;

3. It was further a part of said conspiracy that certain conspirators sought and located users of methamphetamine and fentanyl to purchase controlled substances from other conspirators;

4. It was further a part of said conspiracy that certain conspirators sought and located sub-distributors of methamphetamine and fentanyl for other conspirators;

5. It was further a part of said conspiracy that one or more conspirators possessed firearms to protect their supply of controlled substances and to intimidate other persons in North Dakota, Minnesota, and elsewhere;

6. It was further a part of said conspiracy that one or more conspirators received money wire transfers that were proceeds of methamphetamine and fentanyl sales;

7. It was further a part of said conspiracy that one or more conspirators sent money wire transfers that were proceeds of methamphetamine and fentanyl sales;

8. It was further a part of said conspiracy that one or more of the defendants traveled between the states of Minnesota, North Dakota, and elsewhere, via bus, automobile (including rental vehicles), airplane, and other means of transportation for purposes of obtaining and distributing controlled substances, and collecting and distributing proceeds of drug distribution activity;

9. It was further a part of said conspiracy that one or more conspirators rented and occupied apartments, trailer homes, houses, and hotel rooms in North Dakota, Minnesota, and elsewhere, from which to store, possess, and distribute methamphetamine and fentanyl;

10. It was further a part of said conspiracy that conspirators utilized residences in Fargo, North Dakota; Turtle Mountain Indian Reservation, North Dakota; Moorhead, Minnesota; and elsewhere, to store, conceal, and distribute controlled substances and to store and conceal the proceeds of drug trafficking conduct;

11. It was further a part of said conspiracy that one or more conspirators collected money from other persons to purchase methamphetamine and fentanyl;

12. It was further a part of said conspiracy that one or more conspirators would and did attempt to conceal their activities;

13. It was further a part of said conspiracy that one or more conspirators would and did use United States currency in their drug transactions;

14. It was further a part of said conspiracy that one or more conspirators would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine and fentanyl;

15. It was further a part of said conspiracy that one or more conspirators would and did use social media websites, including but not limited to WhatsApp, Snapchat, and Facebook, to facilitate the distribution of methamphetamine and fentanyl;

In violation of Title 21, United States Code, Section 846, and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

## COUNT TWO

### Money Laundering Conspiracy

The Grand Jury Further Charges:

From in or about 2022 and continuing through the date of this Indictment, in the District of North Dakota, Minnesota, and elsewhere,

MAURICE HAYMON JR.;<br>
KELLY RAE DIONNE;<br>
LAMAR WARREN, a/k/a L.A.;<br>
JOSEPH CHRISTOPHER ANTHONY MARTELL; and<br>
JOSEPH KEVIN JOHN THOMPSON

did knowingly combine, conspire, and agree with one or more persons, both known and unknown to the grand jury, to commit offenses against the United States, in violation of Title 18, United States Code, Section 1956(h), to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, knowingly and intentionally distributing controlled substances: (a) with intent to promote the carrying on of the specified unlawful activity; and (b) knowing that the transaction is designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i);

### MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1.      MAURICE HAYMON JR.; KELLY RAE DIONNE; LAMAR WARREN, a/k/a L.A.; JOSEPH CHRISTOPHER ANTHONY MARTELL; and JOSEPH KEVIN JOHN THOMPSON, and co-conspirators, acquired methamphetamine and fentanyl, Schedule II controlled substances, outside of the District of North Dakota, to include Minnesota, for distribution.  The methamphetamine and fentanyl were thereafter transported through, and distributed in, the District of North Dakota, and elsewhere, during the time frame of the conspiracy;

2.      Members of the controlled substance distribution conspiracy organization would sell methamphetamine and fentanyl and currency would be collected and transferred from one person to another to continue the ongoing illegal activity; and

3.      During the course of this conspiracy, persons both known and unknown to the grand jury, made deposits and withdrawals of currency from bank accounts and money transfer services and utilized money transfer services, such as CashApp (Block, Inc.), Walmart-to-Walmart (RIA Financial), and MoneyGram money services, to wire and transfer proceeds of the illegal drug sales from North Dakota to outside of the District of North Dakota, to include Minnesota and elsewhere, with intent to disguise and conceal the nature, the location, the source, the ownership, and the control of the proceeds of the drug trafficking activity, and to promote and continue the distribution activity;

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE

**Possession with Intent to Distribute a Controlled Substance – Fentanyl**

The Grand Jury Further Charges:

On or about November 24, 2023, in the District of North Dakota,

MAURICE HAYMON JR.,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute approximately 4 pounds of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FOUR

**Possession with Intent to Distribute a Controlled Substance – Methamphetamine**

The Grand Jury Further Charges:

On or about January 29, 2024, in the District of North Dakota,

JOSEPH CHRISTOPHER ANTHONY MARTELL,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT FIVE

**Possession with Intent to Distribute a Controlled Substance – Fentanyl**

The Grand Jury Further Charges:

On or about January 29, 2024, in the District of North Dakota,

JOSEPH CHRISTOPHER ANTHONY MARTELL,

individually, and by aiding and abetting, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIX

**Possession of Firearms in Furtherance of a Drug Trafficking Crime**

The Grand Jury Further Charges:

In or about 2023, in the District of North Dakota,

JOSEPH KEVIN JOHN THOMPSON

possessed one or more firearms, namely, one Glock 19X 9mm handgun, Serial Number BWGW183, in furtherance of a drug trafficking crime for which JOSEPH KEVIN JOHN THOMPSON, may be prosecuted in a court of the United States, to wit: Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, as set forth in Count One of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT SEVEN

### Possession of Firearms by a Convicted Felon

The Grand Jury Further Charges:

In or about December 2023, in the District of North Dakota,

JOSEPH KEVIN JOHN THOMPSON,

knowing that he had been previously convicted of the following crimes punishable by imprisonment for a term exceeding one year:

- Conspiracy to Commit Theft, a Class C Felony, judgment entered on or about December 19, 2022, in East Central Judicial District, Cass County, North Dakota, Case Number 09-2022-cr-2385;

- Unlawful Possession of Drug Paraphernalia, a Class C Felony, judgment entered on or about December 19, 2022, in East Central Judicial District, Cass County, North Dakota, Case Number 09-2022-cr-1516; and

- Unlawful Possession of Drug Paraphernalia, a Class C Felony, judgment entered on or about December 19, 2022, in East Central Judicial District, Cass County, North Dakota, Case Number 09-2022-cr-759;

knowingly possessed in and affecting commerce, one or more firearms, that is, one Glock 19X 9mm handgun, Serial Number BWGW183;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 2.

## COUNT EIGHT

**Possession or Sale of a Stolen Firearm**

The Grand Jury Further Charges:

In or about December 2023, in the District of North Dakota,

JOSEPH KEVIN JOHN THOMPSON,

individually, and by aiding and abetting, knowingly possessed, received, concealed, stored, bartered, sold, disposed of, and pledged, a stolen firearm, that is, one Glock 19X 9mm handgun, Serial Number BWGW183, which had been shipped and transported in interstate or foreign commerce, knowing and having reasonable cause to believe that the firearm was stolen;

In violation of Title 18, United States Code, Sections 922(j), 924(a)(2), and 2.

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Mac Schneider
MAC SCHNEIDER
United States Attorney

DMD/vt