## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:24-cr-58 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Maurice Haymon, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Maurice Haymon, Jr., who is currently detained pending trial, moves for release to a residential substance abuse treatment program that is available to him. (Doc. 239). The United States opposes the motion and contends the person Haymon identified as providing transportation to the treatment center would not be appropriate to do so. (Doc. 240). The Pretrial Services Officer advised the court she also opposed Haymon's motion.

When he first appeared in this court, Haymon was serving a sentence ordered by a state court, so release pending trial of this case could not be considered. On October 24, 2024, after Haymon had completed the state sentence, the court held a detention hearing and ordered Haymon detained until trial.

Haymon is charged with three crimes related to drug trafficking. Under 18 U.S.C. § 3142(e)(3)(A), Haymon is therefore subject to a presumption of detention pending trial. During the October 24 hearing, in addition to asserting that presumption, the United States proffered evidence surrounding the current charges. Haymon proposed release to a relative's residence outside Colfax, North Dakota, and the court found the proposed residence sufficient to rebut the § 3142 presumption, but the presumption remained a factor to consider.

When interviewed by the Pretrial Services Officer in October 2024, Haymon reported weekly use of alcohol and daily use of cannabinoids until one year prior to the interview. That date appears to coincide with the beginning of Haymon's term of state custody. He also reported limited use of cocaine ten years prior to the interview. He reported no other history of substance abuse and did not express a desire to receive substance abuse treatment. (Doc. 210). A licensed addiction counselor (LAC) who assessed Haymon in December 2024 deemed him clinically appropriate for placement in residential substance abuse treatment, (Doc. 239-1), and he secured placement at a reputable substance abuse treatment program, (Doc. 239-2).

Given the LAC's opinion and the treatment program's willingness to provide treatment to him, the court does not question that Haymon would benefit from the treatment program he proposes. And the court considers that proposed treatment program sufficient to rebut the § 3142 presumption. But the Pretrial Services Report shows a significant criminal history that includes multiple failures to appear and failure to follow release conditions. In considering this motion the court has reviewed a recording of the October 24 hearing. When all evidence is considered, together with the presumption, the court finds detention pending trial is warranted.

Haymon's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of January, 2025.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge