IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Case No.: 3:24-cr-00058 |
| Plaintiff, | ) | |
| | ) | **RESPONSE AND OBJECTION TO** |
| vs. | ) | **MOTION TO CONTINUE TRIAL** |
| | ) | |
| Lamar Warren, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

[¶ 1] On March 28, 2025, a Motion to Continue Trial was filed in Mr. Warren's case. Doc. 277. This is Mr. Warren's Response to the Motion.

## STATEMENT OF FACTS

[¶ 2] On April 18, 2024, an eight count Indictment was filed with the Court. Doc. 4. Mr. Warren was charged in Counts One and Two, of the Indictment. Id. Mr. Warren was arrested on May 1, 2024 and has remained in custody for the entirety of this case. Doc. 50, 51. On October 28, 2024, Mr. Warren filed a Demand for Speedy Trial. Doc. 215. On March 3, 2025, the final co-defendant was arrested. Doc. 258. As such, the Court issued a Criminal Pretrial Order and Jury Trial Notice setting the jury trial for May 6, 2025. Doc. 260.

[¶ 3] On March 28, 2025, Collin Posey filed a Motion to Continue Trial. Doc. 277. Mr. Warren files this response and objection to the continuance of his trial.

## LAW AND ARGUMENT

   I.  **The Court should deny the Motion to Continue**
   II.  **Ttrial.**

[¶ 4] "District courts have broad discretion when ruling on requests for continuances." United States v. Jones, 643 F.3d 275, 277 (8th Cir. 2011). "Continuances generally are **not favored** and

should be granted only when the party requesting one has shown a compelling reason." Id. (Emphasis added) *see also* United States v. Woods, 642 F.3d 640, 644 (8th Cir. 2011); United States v. Hawthorne, 414 Fed. Appx. 879, 881 (8th Cir. 2011).

[¶ 5]   The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial. U.S. Const. amend. VI; *See also* Barker v. Wingo, 407 U.S. 514, 530 (1972). The Sixth Amendment right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Aldaco, 477 F.3d 1008, 1019 (8th Cir. 2007). "On its face, the Speedy Trial Clause is written with such breadth that, taken literally, it would forbid the government to delay the trial of an 'accused' for any reason at all." Doggett v. United States, 505 U.S. 647, 651 (1992).

[¶ 6]   Further, "Under the Speedy Trial Act (Act), a federal criminal defendant must be brought to trial within seventy days of his indictment or arraignment (whichever is later)."Aldaco, 477 at 1016. "Certain days, however, may be excluded from the seventy-day calculation." Id. "After these days are excluded, if the total number of non-excludable days exceeds seventy, then the district court must dismiss the indictment upon the defendant's motion." Id. at 1016-1017.

[¶ 7]   Since Mr. Warren's arrest, he has insisted on a speedy trial. Doc. 215. Mr. Warren has been incarcerated for nearly a year while waiting for the last co-defendant to be arrested. Finally, almost a year after his arrest, the last co-defendant was arrested on March 3, 2025. It is unknown why it has taken the government so long to arrest the last remaining co-defendant. *See* United States v. Ingram, 446 F.3d 1332, 1337 (11th Cir. 2006)(Because the prosecutor and the court have an affirmative constitutional obligation to try the defendant in a timely manner ... the burden is on the prosecution to explain the cause of the pre-trial delay); *See also* United States v. Walker, 92 F.3d 714, 717 (8th Cir. 1996)(The government's intentional or negligent delay in

locating a defendant will weigh against it).

[¶ 8] Mr. Warren has both a constitutional and statutory right to a speedy trial. He has invoked this right before and persists in his demand for a speedy trial. Further, Mr. Warren does not believe that good cause has been shown to justify the continuance. Mr. Warren objects to the motion to continue filed by Posey. Mr. Warren requests that the Court maintain the May 6, 2025 trial date.

## CONCLUSION

[¶ 9] As such, Mr. Warren requests that the Court **DENY** the Motion to Continue Trial. Alternatively, the Court should sever Mr. Warren's case from the remaining co-defendents and allow his jury trial to proceed as scheduled. *See* United States v. Sanders, 563 F.2d 379, 382 (8th Cir. 1977)("Rule 14 authorizes the trial court to grant relief from joinder, even if it is technically proper under Rule 8, if it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together). If the Court grants Posey's motion and denies Mr. Warren's request to sever, he would request release pending trial.

Dated this 28th day of March, 2025.

Digitally signed by Adam Justinger
Date: 2025.03.28 11:14:08 -05'00'

Adam Justinger (ND ID #08635)
SW&L Attorneys
4627 44th Avenue South, Suite 108
Fargo, North Dakota 58104
Telephone: (701) 297-2890
Fax: (701) 297-2896
adam.justinger@swlattorneys.com
ATTORNEYS FOR DEFENDANT