IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAMAR WARREN,<br><br>Defendant. | Case No. 3:24-cr-58<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION RE MOTION TO CONTINUE** |

The United States of America, by Jennifer Klemetsrud Puhl, Acting United States Attorney for the District of North Dakota, and Dawn M. Deitz, Assistant United States Attorney, provides this response regarding Defendant's request that his case be severed from codefendants. The cases were properly joined and should remain joined.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that an indictment may charge two or more defendants if they are alleged to have participated in the same act or transaction, or the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 13 of the Federal Rules of Criminal Procedure provides that the court may order that separate cases be tried together as though brought in a single indictment if all offenses and all defendants could have been joined in a single indictment. There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 537 (1993). Joint trials play a vital role in the criminal justice system. Id. They promote efficiency and serve the interests of justice by

avoiding the scandal and inequity of inconsistent verdicts. Id. Absent a showing of clear prejudice, joinder of defendants charged with conspiracy is preferred where proof of the charges is based on the same evidence and acts. United States v. Brim, 630 F.2d 1307, 1310 (8th Cir. 1980); United States v. Donnell, 596 F.3d 913, 923 (8th Cir. 2010).

Under Federal Rule of Criminal Procedure 13, the court is authorized to join two indictments. Specifically, Rule 13 states that "[t]he court may order separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment…." The plain meaning of this language is that the standard for consolidation is whether the two cases could have been properly joined in a single indictment under Federal Rule of Criminal Procedure 8.

Rule 8(a) provides the standard for joinder of offenses, and states that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged … are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(b) provides the standard for joinder of defendants, and states that "[t]wo or more defendants may be charged in the same indictment if they allegedly participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." See also United States v. Davis, 534 F.3d 903, 916 (8th Cir. 2008). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998). The Eighth Circuit has held that the provisions of Rule 8(b) are to be construed liberally in favor of joinder, see United States v. Chard, 115 F.3d 631,

634 (8th Cir. 1997), and "rarely, if ever, will it be improper for co-conspirators to be tried together[.]" United States v. Patterson, 140 F.3d 767, 774 (8th Cir. 1998). The trial court is permitted to exercise discretion in determining whether trial consolidation is appropriate.

Here, the defendants are charged with participating in the same controlled substance distribution conspiracy. Each is alleged to have conspired with others to distribute and possess with intent to distribute a mixture and substance containing fentanyl, a Schedule II controlled substance.  All of these charges occurred within the scope of, and were in furtherance of, the charged conspiracy; therefore joinder is proper. See United States v. Sawyers, 963 F.2d 157, 161 (8th Cir. 1992) ("As long as the indictment charges all defendants with involvement in a single conspiracy, joinder of the defendants is appropriate under Federal Rule of Criminal Procedure 8(b).").

Assuming that joinder is proper, a joint trial is preferred. United States v. Flores, 362 F.3d 1030, 1039 (8th Cir. 2004) ("Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial, 'as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'") (citation omitted).  Despite this preference for joint trials, the Court retains the discretion to order severance if there is "severe or compelling" prejudice to a particular defendant. Flores, 362 F.3d at 1039.  Defendant does not cite to any prejudice because there isn't any.  The cases were properly joined and should remain joined.  Defendant is unable to meet the high burden of establishing prejudice from a joint trial.

In conclusion, in light of the substantially overlapping evidence involved in the codefendants' cases, joinder for trial would conserve judicial resources, would not prejudice any defendant, and would resolve pending charges in an efficient and equitable manner. Thus, the cases should remain joined and all defendants who intent to proceed to trial should be tried together.

Based upon the foregoing, Defendant's request for severance should be denied. His case should remain joined with his codefendants for all who intend to proceed to trial to be tried at the same time.

Dated: March 31, 2025

                                              JENNIFER KLEMETSRUD PUHL
                                              Acting United States Attorney

By:   /s/ *Dawn M. Deitz*
       DAWN M. DEITZ
       Assistant United States Attorney
       ND Bar ID 06534
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       dawn.deitz@usdoj.gov
       Attorney for United States