**STATE OF NORTH DAKOTA**  
**COUNTY OF CASS**

**IN DISTRICT COURT**  
**EAST CENTRAL JUDICIAL DISTRICT**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE WEST FARGO POLICE DEPARTMENT FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER, TRAP AND TRACE DEVICE, ELECTRONIC TRACKING DEVICE, GLOBAL POSITIONING SYSTEM (GPS) TECHNOLOGY, USE OF PRECISION LOCATION TECHNOLOGY, AND DISCLOSURE OF SUBSCRIBER AND ADDRESSING INFORMATION, AND TRACKING WARRANT | UNDER SEAL<br><br>FINDINGS, ORDER, AND TRACKING WARRANT<br><br>ACCOUNT ID: (561) 897-7542 AND USED BY MAURICE HAYMON |

UNDERSEAL

This matter having come before the Court pursuant to an application by Kyle Hinrichs under 18 U.S.C. §§ 2703(c)(1)(B), 2703(d), 2711(3)(B), 3117, 3122, 3123 and 3127(2)(B); N.D.C.C. § 29-29.3-03(2); and N.D.C.C. § 29-29.6-02, authorizing the installation and use of a pen register, trap and trace device including electronic tracking device, cellular tower location and service information, including Global Positioning System (GPS) technology information, precision location technology, and tracking warrant on the following Internet Service account:

> **PROVIDER:** Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921
> **ACCOUNT ID:** (561) 897-7542 AND USED BY MAURICE HAYMON

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

1. Federal Certification: Pursuant to 18 U.S.C. § 3122(b)(2) and N.D.C.C 29-29.6-02, the Court finds that the applicant, Kyle Hinrichs with the West Fargo Police Department has certified that the officer's agency is conducting a Criminal\Fugitive Apprehension investigation of MAURICE HAYMON, and possibly others as yet unknown, in connection with violations of law relative to FENTANYL AND METHAMPHETAMINE TRAFFICKING, and that it is believed the subject of the investigation is using Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921 account under ID: (561) 897-7542 AND USED BY MAURICE HAYMON (the subscriber to the subject Internet account) through electronic mail messages being sent through the Internet; and that the information likely to be obtained from the pen register, trap and trace device including electronic tracking device, cellular tower location and service information, including Global Positioning System (GPS) technology information, precision location technology, and tracking warrant is relevant to this ongoing Criminal\Fugitive investigation being conducted by the West Fargo Police Department and that probable cause exists that a crime has been, is being, or is about to be committed by the person utilizing the identified account.



2. Finding Supporting Issuance of Order: Pursuant to N.D.C.C. § 29-29.3-04(1) and N.D.C.C. § 29-29.6-02, the Court finds based upon the information submitted by the applicant that there is probable cause that the information likely to be obtained by the installation and use of the pen register, trap and trace device including electronic tracking device, cellular tower location and service information, is relevant to an ongoing criminal investigation and probable cause exists that a crime has been, is or is about to be committed by the person utilizing this account, and information related to an electronic tracking device, including information concerning cellular tower location and service information, electronic device location information, and Global Positioning System (GPS) information and precision location technology is authorized pursuant to this tracking warrant.

WHEREFORE, based upon the forgoing, the Court issues the following:

### ORDER AND TRACKING WARRANT

1. Order Permitting Installation and Use: IT IS ORDERED, pursuant to 18 U.S.C. §§ 2703(d), 3122(a)(2), and 3123; N.D.C.C. § 29-29.3-04; and N.D.C.C. § 29-29.6-02, that Kyle Hinrichs with the West Fargo Police Department, may install and use (or cause to be installed) within the jurisdiction of this Court, a pen register, trap and trace device including electronic tracking device, cellular tower location and service information, including Global Positioning System (GPS) technology information, precision location technology, and tracking warrant to record the date, time, source, and addressing location information of the electronic messages sent from or received by the subject Internet account, port numbers associated with the target account, and source and destination information (Internet addresses) of the messages for the time period of 11/7/2023 to Present and extending sixty (60) days past the date of this Order, to encompass information regarding the true source of the communication without geographic limitation from any and all internet service providers whose IP addresses are identified in the results of this order, on the identified Target Account:

    **ACCOUNT ID:** (561) 897-7542 AND USED BY MAURICE HAYMON
    **PROVIDER:** Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921

2. Directing that Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921 shall furnish the results of the pen register, trap and trace device including electronic tracking device, cellular tower location and service information, including Global Positioning System (GPS) technology, precision location technology, and a tracking warrant for a period of sixty (60) days, from the date of this Order, to the Kyle Hinrichs and/or other agents with the West Fargo Police Department forthwith all information, facilities, and technical assistance necessary to accomplish the installation and use of the device(s) unobtrusively and with minimal interference to the serviced presently accorded persons whose signals are the subject of this warrant.

3. Authorizing the release of the following information and services on the above identified Target Account:

a) Basic User Identity information, including other user ids associated with this account, email addresses, zip code, city, country, account creation date and time, and the IP address at time of sign-up.

b) IP address logs: Logs showing the IP address assigned to the user and the date stamp at the time the user accessed his or her profile (PST or PDT, depending on the date of log in).

c) Stored user files (photos, videos, blogs); Profile information including photos, videos, blogs, blog comments by other users, the identities of their friends, and "About Me" entries.

d) Other general records or information; user's date of birth, gender hometown, and occupation, as well as historical private message header information, excluding subject.

e) Information about the location of (561) 897-7542 AND USED BY MAURICE HAYMON includes all available Phase II data, latitude-longitude data, and other precise location information, approximate location, to include RTT reports, PCMD reports, and NELOS/SCAMP reports, as pertaining to the Target Account without geographic limitation

f) To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921, is required to disclose the Location Information to your Declarant. In addition, Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921 must furnish agents of the West Fargo Police Department with (a) all information, (b) facilities, and (c) technical assistance necessary to accomplish the continued use of the devices and collection of the Location Information unobtrusively and with a minimum)m of interference to Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921, and the service presently accorded persons who are the subject of the pen register, trap and trace device with Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921; by initiating a signal to determine the location of the Target device on Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921, network or with such other reference points as may be reasonably available, and at any such intervals and times directed by the issuance and submission of this order. In addition Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921 is hereby ordered to provide the following on the Target Account device information:

g) Device attributes: operating system, hardware and software versions, signal strength, app and file names and types, and plugins. Identifiers: unique identifiers, device IDs, and other identifiers, such as from games, apps or accounts you use, and Family Device IDs (or other identifiers unique to Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921 associated with the same device or account). Device signals: Bluetooth signals, beacons, and cell towers. Data from device settings: GPS information through device settings Network and connections: information such as the name of your mobile operator or ISP, language, time zone, mobile phone number, IP address, connection speed and, in some cases, information about other devices that are nearby or on your network

4. That Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921 be compensated by the investigative agency for reasonable expenses incurred in providing technical assistance;

5. Sealing/Non-Filing: IT IS FURTHER ORDERED, for good cause shown and pursuant to 18 U.S.C. § 3123(d), N.D.C.C. § 29-29.3-04(4)(a), and N.D.C.C. § 29-29.6-04(2)(a), that the application and the Order/Tracking Warrant be sealed for a period of ninety (90) days from the issuance of this Order/Tracking Warrant or until the objective of the Order/Tracking Warrant is accomplished, whichever is shorter, as these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents at this time because their premature disclosure may seriously jeopardize that investigation, to include increasing the chances of the continued flight thereby frustrating law enforcement's efforts to apprehend the Subject Fugitive, creating a substantial risk of injury to law enforcement or bystanders during the execution of this and the arrest warrant(s), and severely hampering the ongoing investigation. Unless the Court directs otherwise, the application and the Order/Tracking Warrant must be filed within ten days of the expiration of the warrant as provided in N.D.C.C. § 29-29.6-04(2)(b). Following Subject Fugitive's the commencement of any criminal proceeding utilizing evidence obtained in or as a result of the search, the supporting application/declaration must be filed within ten days of such commencement under N.D.C.C. § 29-29.6-04(4) (requiring filing "either immediately or at any other time as the court directs"). In accordance with N.D.C.C. § 29-29.6-04(1), within ninety days after the warrant is unsealed, the affiant shall cause to be served on the persons named in the warrant and the application an inventory which shall include notice of the fact of the issuance of the warrant or the application, the date of the issuance and the period of authorized, approved, or disapproved collection of location information, or the denial of the application, and the fact that during the period location information was or was not collected.

6. Delayed Notice and Inventory: IT IS FURTHER ORDERED that no notice to the customer/user of the Target device is required for records or information obtained under 18 U.S.C. § 2703 or N.D.C.C. § 29-29.3-04(5). Any notice and inventory required pursuant to N.D.C.C. § 29-29.3-04(5), is HEREBY delayed until and as so directed by this Court within a reasonable time not later than ninety (90) days after the Order/Tracking Warrant is unsealed, pursuant to N.D.C.C. § 29-29.3-04(5) (permitting up to a one-year delay) and for good cause shown and consistent with 18 U.S.C. §§ 2705(a)(2) and (b) and 3103a(b) and the sealing ordered by this Court. This delay is justified because the Applicant has demonstrated there is reasonable cause to believe that providing immediate notification of the Order/Tracking Warrant may have an adverse result and seriously jeopardize the ongoing investigation. Such a disclosure would give person(s) an opportunity to destroy evidence, change patterns of behavior, notify confederates, flee from prosecution, and potentially endanger the life or physical safety of law enforcement attempting to execute the instant Order/Tracking Warrant and/or the Subject Fugitive's arrest, and any bystanders thereto.

7. Non-Disclosure by Carrier: IT IS FURTHER ORDERED, for good cause shown and pursuant to 18 U.S.C. §§ 2705(b) and 3123(d) and N.D.C.C. § 29-29.3-04(b), that the Carrier(s) and their agents and employees shall not notify the subscriber or user of the Target device or any other persons of the existence of the requested Order/Tracking Warrant or of the investigation, for a period of ninety (90) days from the issuance of the Order/Tracking Warrant, because there is reason to believe that notification of the existence of the requested Order/Tracking Warrant or the investigation will result in assisting the Subject Fugitive in his/her flight to avoid prosecution, put law enforcement's safety at risk during the execution of the Order/Tracking Warrant and the arrest warrant itself, and jeopardize an ongoing investigation.

8. IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 2703 (c)(1)(B)(ii) and (d), that the Internet and Mail Service Provider(s) revealed from the IP and email addresses captured on the pen register and trap and trace device and the IP addresses produced on the IP address history log, provide all information concerning the account assigned the specific IP and/or email addresses at the specific date and time, to include without limitation all subscriber information, caller identification / ANI information if the account is a dial up account or physical termination point if the account is Cable, DSL, ISDN, T1, or the like and provide any cellular handset information such as (MEID,IMEI,MIN,MDC,MAC address); As well as removing the capability on Target Account for secret conversations from the date of court order to the expiration;

| 11/7/2023 | 10:38:47 AM CT | |
|-----------|----------------|--|
| Date | Time | Judge of District Court |