IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 3:24-cr-58 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S OBJECTIONS TO** |
| | ) | **REPORT AND RECOMMENDATION** |
| MAURICE HAYMON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**PROCEDURAL BACKGROUND**

On August 13, 2025, a suppression motion hearing was held before the Honorable Magistrate Judge Alice R. Senechal at the federal courthouse in Fargo, North Dakota. Plaintiff called Trooper Gariel Irvis and Task Force Officer Kyle Hinirich as witnesses. Defendant testified on his own behalf.

At the conclusion of the testimony, Magistrate Judge Senechal set deadlines for the parties to submit post-suppression briefs. Those were filed as follows:

1. United States' Post-Hearing Brief filed 10/09/25. (Doc. 365.)

2. Defendant's Post-Suppression Hearing Legal Brief filed 10/22/25. (Doc. 369.)

3. Defendant's Supplemental Post-Suppression Hearing Legal Brief filed 11/18/25. (Doc. 373.)

On December 19, 2025, Magistrate Judge Senechal filed her Report and Recommendation (Doc. 374), which contained the following Summary of Recommendations:

1. Probable cause supported issuance of the cell phone GPS warrant.

1

2. If the district judge concludes probable cause did not support issuance of that warrant, the district judge should conclude the good-faith exception precludes suppression of the evidence obtained through that warrant.

3. Probable cause supported issuance of the Dodge Durango GPS warrant.

4. Probable cause supported search of the Dodge Durango under the automobile exception to the Fourth Amendment warrant requirement.

The Magistrate Judge therefore concluded the Defendant's Motion to Suppress should be denied.

Furthermore, the Magistrate Judge concluded her Report and Recommendation with a Notice of Right to Object, which provided that either party could file objections by January 5, 2026. That deadline was continued to January 20, 2026, by Order filed January 6, 2026. (Doc. 376.)

Defendant now provides the following objections to the Report and Recommendation.

## **DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION**

As a general objection, Defendant objects to the Magistrate Judge's decision to deny all three of Defendant's Motions to Suppress, specifically, (1) the Motion to Suppress the cell phone GPS warrant; (2) the Motion to Suppress the Dodge Durango GPS warrant; and (3) the search of the Dodge Durango.

Furthermore, as a general matter, Defendant objects to the Magistrate Judge's decision that the good-faith exception precludes suppression of the evidence obtained through any of the warrants and searches.

2

The specific grounds and bases for Defendant's objections are contained in (1) Defendant's Post-Suppression Hearing Legal Brief filed 10/22/25 (Doc. 369); and (2) Defendant's Supplemental Post-Suppression Hearing Legal Brief filed 11/18/25 (Doc. 373). In the interest of judicial economy, Defendant will not repeat those arguments, and instead incorporates all of those arguments by reference herein as objections to the Report and Recommendation.

In addition, Defendant's objection to the cell phone GPS warrant and the Leon exception as applied thereto is supported by United States of America v. Jeremy Griggs, Case No. 2:20-cr-20403, Eastern District of Michigan. See **Exhibit A**. In Griggs, as in this case, the Defendant argued the lack of nexus precluded the issuance of the phone GPS warrant. As stated in Griggs:

> Here, the Government failed to satisfy the nexus requirement outlined in Powell and Brown when the Ohio state magistrate issued the present warrant. The affidavit stated that the "SOI provided information that [Defendant] had recently been, and is presently engaged in the transportation and sales of controlled substance(s), and [Defendant] is believed to be using the subject telecommunications device with the aforementioned telephone number in order to facilitate these unlawful drug transactions. ECF 28-1, PgID 218 (emphasis added). But the government failed to show a definite nexus between the suspected drug activity and the cellphone to be tracked. The only information in the warrant was the SOI's mere belief – not any evidentiary confirmation – that Defendant used the phone to facilitate drug transactions. The SOI never said, for example, that he called Defendant to set up a drug deal on that phone. Put simply, the warrant affidavit never established the required nexus between the phone to be searched and tracked and the suspected criminal activity. As a result, the warrant lacked probable cause and is invalid.

Griggs, p. 7.

The same "lack of nexus" arguments were made by Defendant in his Post-Suppression Hearing Legal Brief relative to the GPS warrant and the Dodge Durango

3

unit. While in both instances the United States presented some evidence of drug distribution and some evidence that Defendant was in possession of or used the cell phone and the Dodge Durango, nowhere in either of the warrant applications does it ever state that a drug transaction took place by Defendant utilizing either the cell phone or the Durango. As such, it appears clear that those warrants are invalid because they fail to establish the required nexus.

Furthermore, the Griggs court found the Leon exception did not apply, noting that in a similar case, "no reasonable officer could have believed the warrant was reliable." U.S. v. Laughton, 409 F.3d 744, 751 (6th Cir. 2005). P. 10.) The Griggs court noted that, "Even coupled with the Affiant's knowledge that drug traffickers tend to use cellphones in their business, id. at 217, that belief, no matter how sincerely held, was simply insufficient to connect Defendant's cellphone to drug trafficking crime." Id. Ironically, the United States, in this case, relied heavily on a similar argument: Drug users use cell phones. Defendant argued then and argues now that that is not enough, just as the Griggs court pointed out.

The Griggs court concluded that, just as in Laughton, "the affidavit here very clearly made no complete connection between the authority of the warrant and the cellphone to be tracked. As a result, the Leon good faith exception does not apply and the Court must grant the motion to suppress the evidence from the phone warrant. ECF 28." (P. 12.)

Defendant made identical arguments in his Post-Suppression Hearing Legal Brief. That is, no reasonable police officer could have believed either search warrant

4

was reliable, based on the complete lack of nexus.  Thus, as in Griggs and Laughton, the Leon good faith exception does not apply in either the phone GPS or the Dodge Durango search warrants.

Finally, in regard to the search of the Dodge Durango, Defendant objects to the Court applying the automobile exception based on the reasoning contained in State v. Storm, 898 NW2d 140 (IA 2017).  In that case, the Iowa Supreme Court stated, "We must decide whether to abandon the automobile exception to the search warrant requirement under article I, section 8 of the Iowa Constitution."  The defendant driver in that case was lawfully stopped for a seat belt violation.  The deputy smelled marijuana, and on that basis searched the vehicle.  He discovered marijuana packaged for resale.  The defendant was charged with possession with intent to deliver in violation of Iowa Code section 124.401(1)(*d*) (2015).  He filed a motion to suppress, claiming this warrantless search violated the Iowa Constitution because police can now obtain warrants electronically from the side of the road.  The district court denied the motion after an evidentiary hearing that included testimony that it would have taken well over an hour to obtain a search warrant.  The Supreme Court of Iowa affirmed by a 4-3 vote.

Defendant Haymon will not belabor the arguments made by the Defendant in Storm, which is 37 pages in length.  The evidence at the evidentiary hearing in Haymon indicated that Trooper Irvis took around 12 minutes from the time of the stop until he arrested Haymon.  There was also evidence that TFO Hinrichs knew, hours before the stop, that he was going to have North Dakota Highway Patrol Officers make a stop once the vehicle entered North Dakota.  Due to the GPS tracking of both Haymon's phone

5

and the Dodge Durango, TFO Hinrichs had a pretty good idea of when the Durango would be crossing over from Minnesota into North Dakota. This easily would have given him time to notify a Judge beforehand as to nearly the exact time he (Hinrichs) would be calling said Judge to apply for a search warrant of the vehicle if probable cause arose during the stop. Therefore, as in <u>Storm</u>, Defendant Haymon urges this Court to abandon the automobile exception to the search warrant requirement where, as in this case, a search warrant could easily have been anticipated and then obtained during the traffic stop.

## **CONCLUSION**

The Report and Recommendation should not be followed. Instead, the District Court should **GRANT** Defendant's Motion to Suppress both warrants and the evidence obtained from the search.

Respectfully submitted this 20th day of January, 2026.

_____
Mark A. Meyer
Attorney for Defendant
ND Atty. Reg. No. 04966
205 North 7th Street
P.O. Box 216
Wahpeton, ND 58074-0216
(701) 642-1660
(701) 642-2061 (fax)
markameyer@702com.net

6