IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | )<br>)<br>) Case No.: 3:24-cr-00058 |
| Plaintiff, | )<br>) |
| vs. | ) **RESPONSE AND OBJECTION TO**<br>) **MOTION TO CONTINUE TRIAL**<br>) |
| Lamar Warren, | )<br>)<br>) |
| Defendant. | )<br>) |

## INTRODUCTION

[¶ 1]   On January 20, 2026, a Motion to Continue Trial was filed in Mr. Warren's case. Doc. 382. This is Mr. Warren's Response and Objection to Maurice Haymon, Jr.'s Motion to Continue Trial.

## STATEMENT OF FACTS

[¶ 2]   On April 18, 2024, an eight count Indictment was filed with the Court. Doc. 4. Mr. Warren was charged in Counts One and Two, of the Indictment. Id. Mr. Warren was arrested on May 1, 2024 and has remained in custody for the entirety of this case. Doc. 50, 51. On October 28, 2024, Mr. Warren filed a Demand for Speedy Trial. Doc. 215. On March 3, 2025, the final co-defendant was arrested. Doc. 258. As such, the Court issued a Criminal Pretrial Order and Jury Trial Notice setting the jury trial for May 6, 2025. Doc. 260.

[¶ 3]   On March 28, 2025, Collin Posey (Posey) filed a Motion to Continue Trial. Doc. 277. On the same day, Mr. Warren filed a Response and Objection to Posey's motion. Doc. 279. On March 31, 2025, the United States filed a Response to Mr. Warren's objection. Doc. 282. On April 4, 2025, the Court granted Posey's Motion, over Mr. Warren's objection, and denied Mr. Warren's motion to sever. Doc. 291. The jury trial was continued to October 7, 2025. Doc. 305.

[¶ 4]   On September 5, 2025, Posey filed a second Motion to Continue Trial. Doc. 345. On September 7, 2025, Mr. Warren filed a Response and Objection to Posey's motion. Doc. 347. On September 8, 2025, the United States filed a Response to Mr. Warren's objection. Doc. 350. On September 30, 2025, the Court granted Posey's Motion over Mr. Warren's objection and denied Mr. Warren's motion to sever. Doc. 358. The jury trial was continued to February 24, 2026. Doc. 358.

[¶ 5]   On January 20, 2026, Maurice Haymon, Jr. (Haymon) filed a Motion to Continue Trial. Doc. No. 369. This is the third trial continuance that has been requested. Mr. Warren has now been in custody awaiting his speedy trial for 630 days. As such, Mr. Warren objects to Haymon's Motion to continue trial and persists in his demand for a speedy trial.

## LAW AND ARGUMENT

I.   **The Court should deny the Motion to Continue Trial.**

[¶ 6]   "District courts have broad discretion when ruling on requests for continuances." United States v. Jones, 643 F.3d 275, 277 (8th Cir. 2011). "Continuances generally are **not favored** and should be granted only when the party requesting one has shown a compelling reason." Id. (Emphasis added) see also United States v. Woods, 642 F.3d 640, 644 (8th Cir. 2011); United States v. Hawthorne, 414 Fed. Appx. 879, 881 (8th Cir. 2011).

[¶ 7]   The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial. U.S. Const. amend. VI; *See also* Barker v. Wingo, 407 U.S. 514, 530 (1972). The Sixth Amendment right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Aldaco, 477 F.3d 1008, 1019 (8th Cir. 2007). "On its face, the Speedy Trial Clause is written with such breadth that, taken literally, it would forbid the government to delay the trial of an 'accused' for any reason at all." Doggett v.

United States, 505 U.S. 647, 651 (1992).

[¶ 8] Further, "Under the Speedy Trial Act (Act), a federal criminal defendant must be brought to trial within seventy days of his indictment or arraignment (whichever is later)."Aldaco, 477 at 1016. "Certain days, however, may be excluded from the seventy-day calculation." Id. "After these days are excluded, if the total number of non-excludable days exceeds seventy, then the district court must dismiss the indictment upon the defendant's motion." Id. at 1016-1017.

[¶ 9] As outlined in all of his previous objections, Mr. Warren has repeatedly demanded a speedy trial. Doc. 215, 279, 349. Mr. Warren has been incarcerated for almost 21 months. A delay of more than one year is presumptively prejudicial. United States v. Flores-Lagonas, 993 F.3d 550, 563 (8th Cir. 2021). The Eighth Circuit has recognized that a seventeen month delay is a lengthy delay. United States v. Mallett, 751 F.3d 907, 914 (8th Cir. 2014). The Eleventh Circuit has found that a 2 year post-indictment delay was intolerable. United States v. Ingram, 446 F.3d 1332, 1339 (11th Cir. 2006).

[¶ 10] Mr. Warren has both constitutional and statutory rights to a speedy trial. He has invoked these rights on multiple occasions and continues to demand a speedy trial. The delay in this matter has already become lengthy, and granting a third continuance would result in an intolerable delay that prejudices Mr. Warren and undermines the purpose of the speedy trial guarantee. Mr. Warren further asserts that good cause has not been shown to justify the requested continuance. Accordingly, Mr. Warren objects to the motion to continue filed by Haymon and requests that the Court maintain the February 24, 2026 trial date.

## CONCLUSION

[¶ 11] As such, Mr. Warren requests that the Court **DENY** the Motion to Continue Trial. Alternatively, the Court should sever Mr. Warren's case from the remaining co-defendents and

allow his jury trial to proceed as scheduled. *See* <u>United States v. Sanders</u>, 563 F.2d 379, 382 (8th Cir. 1977)("Rule 14 authorizes the trial court to grant relief from joinder, even if it is technically proper under Rule 8, if it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together). If the Court grants Haymon's motion and denies Mr. Warren's request to sever, he would again request release pending trial.

Dated this 21st day of January, 2026.

Digitally signed by Adam Justinger
Date: 2026.01.21 09:06:59 -06'00'

Adam Justinger (ND ID #08635)
SW&L Attorneys
4627 44th Avenue South, Suite 108
Fargo, North Dakota 58104
Telephone: (701) 297-2890
Fax: (701) 297-2896
adam.justinger@swlattorneys.com
ATTORNEYS FOR DEFENDANT