# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) **ORDER ADOPTING REPORT AND** |
| | ) **RECOMMENDATION** |
| v. | ) |
| | ) Case No. 3:24-cr-58 |
| Maurice Haymon Jr., | ) |
| | ) |
| Defendant. | ) |

Defendant Maurice Haymon Jr. moves to suppress all evidence obtained as a result of: (1) a state court order for installation and use of a pen register and trap and trace devices, including GPS technology related to Haymon's cell phone; (2) a state court warrant authorizing installation of a GPS device on a Dodge Durango Haymon drove; and (3) a search of the Durango. Doc. 315. United States Magistrate Judge Alice R. Senechal held an evidentiary hearing on August 13, 2025. Doc. 335. The parties filed pre and post-hearing briefs. Docs. 365; 370; 373. On December 19, 2025, Judge Senechal filed a Report and Recommendation on the motion. Doc. 374. She recommends denying the motion, stating:

> Considering the information in [Task Force Officer] Hinrichs' declaration in support of his application for the cell phone GPS warrant, the district judge should conclude probable cause supported issuance of the cell phone GPS warrant.
>
> Additionally, considering the information in [Task Force Officer] Hinrichs' declaration in support of his application for the Durango GPS warrant, the district judge should conclude probable cause supported issuance of that warrant.
>
> Finally, because officers smelled marijuana emanating from the Durango after it was stopped for traffic violations, the district court judge should conclude probable cause supported search of the Durango under the automobile exception to the Fourth Amendment warrant requirement. The motion to suppress should therefore be denied.

Id. at 2. Objections to the Report and Recommendation were due on January 20, 2026. Doc. 376. Haymon filed three[1] objections. Specifically, he objects to Judge Senechal's decision to deny the motion to suppress for: (1) the cell phone GPS warrant, (2) the Durango GPS warrant, and (3) the search of the Durango. Doc. 381 at 2.

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed." United States v. Ceron, No. 2:15-CR-55, 2019 WL 3161785, at *1 (D.N.D. July 15, 2019) (citing Thomas v. Arn, 474 U.S. 140, 150 (1985)).

First, Haymon objects to Judge Senechal's finding that there was probable cause supporting the issuance of the cell phone GPS warrant. Doc. 370 at 5. He claims the search warrant application presents "no nexus between [Haymon's] phone location and controlled substances." Id. Further, in the search warrant application, Haymon's phone number "is mentioned only 3 times as belonging to [Haymon]" and is mentioned once as belonging to co-defendant Kelly Dionne. Id. After reviewing the declaration, the Court agrees with Judge Senechal's determination that probable cause supported issuance of the warrant. CI-2 provided Haymon's cell phone number and stated they obtained pills from Haymon. Doc. 315-1 at 3. The same CI made a controlled purchase of fentanyl-laced pills at Haymon's apartment. Id. at 2-5. Officer Cichos arrested an individual claiming Haymon as their fentanyl source, and through this investigation, Haymon's cell phone number was identified. Id. at 6. The declaration need only give rise to "an inference that

---

[1] Haymon also objects to Judge Senechal's "decision that the good-faith exception precludes suppression of the evidence obtained through any of the warrants and searches." Doc. 381 at 2. Because the Court concludes there was probable cause for the search warrants and searches, it does not address this objection.

2

[a suspect] may carry his phone with him while engaged in suspected criminal activity." United States v. Gordon-Greenwood, No. 23-cr-339, 2024 WL 5381464, at *8 (D. Minn. Jan. 6, 2025). Under these facts, it can be inferred that Haymon carried his cell phone while engaged in drug-related activities. Probable cause supported issuance of the cell phone GPS warrant.

Second, Haymon objects to Judge Senechal's finding that there was probable cause for the search warrant for the Durango GPS. Doc. 370 at 9. He argues that the declaration in support of the Durango warrant "mirrors nearly word-for-word" the declaration for the cell phone GPS application and the tracking device for the Ford F-150. Id. at 10. He claims the warrant applications focus "on Haymon's use of the Ford F-150 in conjunction with his alleged drug distribution activity." Id. Further, he argues the Durango warrant application is based on facts not supporting the issuance of the warrant. Id. After reviewing the warrant applications and Haymon's arguments, the Court agrees with Judge Senechal's determination that probable cause supported the issuance of the Durango GPS warrant. The declaration in support of the warrant included information derived from the cell phone GPS warrant, which the Court found is supported by probable cause. The declaration included facts demonstrating probable cause that Haymon engaged in drug trafficking activities, he traveled to Minneapolis-St. Paul to engage those activities, and he drove the Durango. Plainly, an inference can be drawn that Haymon used the Durango in relation to his drug trafficking activities.

Third, Haymon objects to Judge Senechal's finding that there was probable cause for the Durango search. Id. at 12. He "objects to the Court applying the automobile exception" based on the reasoning in State of Iowa v. Storm. 898 N.W.2d 140 (Iowa 2017). In State of Iowa v. Storm, an officer smelling marijuana served as the basis for a warrantless vehicle search under the automobile exception. Id. at 141. The defendant moved to suppress evidence, claiming the search violated the Iowa Constitution because police can obtain warrants electronically from the road. Id.

3

The district court denied the motion, and the Iowa Supreme Court affirmed. Id. at 142. Even though the Storm defendant's motion failed, Haymon nonetheless echoes the defendant's arguments. Because of the GPS on Haymon's phone and the Durango, Haymon argues Officer Hinrichs could estimate when the Durango would enter North Dakota and should have notified a judge regarding when he would call for a warrant. Doc. 381 at 5-6. Haymon "urges this Court to abandon the automobile exception to the search warrant requirement where, as in this case, a search warrant could easily have been anticipated and then obtained during the traffic stop." Id. at 6.

Despite the alleged opportunity for Officer Hinrichs to pre-plan his warrant application, this Circuit has longstanding precedent weighing against Haymon's argument. "Probable cause to believe that an automobile contains contraband or evidence of criminal activity has long been held to justify a warrantless search of the automobile and seizure of the contraband." United States v. Shackleford, 830 F.3d 751, 753 (8th Cir. 2016) (citations omitted). The Eighth Circuit Court of Appeals has "repeatedly held that the odor of marijuana emanating from a vehicle during a traffic stop also gives the officer probable cause to search the vehicle." United States v. Virrueta, 121 F.4th 706, 710 (8th Cir. 2024). At the August 13 evidentiary hearing, Trooper Irvis testified, based on his experience and training, that he "immediately was met with the odor of burnt marijuana" when he approached the Durango. Doc. 353 at 27. Officer Heinrichs' testimony revealed the same. Id. at 144. After reviewing Haymon's arguments and the record, the Court agrees with Judge Senechal's determination that probable cause existed to search the Durango under the automobile exception.

The Court has spent considerable time reviewing the motion, the Report and Recommendation, Haymon's objections, and the record as a whole. The Report and Recommendation is legally sound and persuasive. So, the Court **ADOPTS** the Report and Recommendation (Doc. 374) in its entirety. Haymon's motion to suppress (Doc. 315) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of February, 2026.

                                                                   */s/ Peter D. Welte*
                                                                   Peter D. Welte, Chief Judge
                                                                   United States District Court