IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAMAR WARREN,<br><br>Defendant. | Case No. 3:24-cr-00058<br><br>**UNITED STATES' BRIEF REGARDING CALCULATION UNDER THE SPEEDY TRIAL ACT ("STA"), 18 U.S.C. §§ 3161-3174** |

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, and Dawn M. Deitz, Assistant United States Attorney, files this brief regarding Speedy Trial Act ("STA") calculations as requested by the Court at the February 12, 2026, Status Conference.

## PROCEDURAL HISTORY

On April 18, 2024, Defendant Lamar Warren and eight co-defendants were indicted for conspiracy to possess with intent to distribute and distribute controlled substances, amongst other charges. (Doc. 3.) Defendant was arrested and appeared before the magistrate judge for an initial appearance and arraignment on May 2, 2024. (Doc. 36.) A detention hearing was held on May 6, 2024, and Defendant was ordered detained pending trial. (Doc. 49.) The final defendant to appear in this case, Collin Posey, was not arrested until March 3, 2025, ultimately making his initial appearance on that same date. (Docs. 249, 259.) Trial was initially set for May 6, 2025, and later continued to October 7, 2025, by motion of co-defendants, and again to February 24, 2026. (Docs. 260, 291, 358.) In accordance with 18 U.S.C. § 3161(h)(7)(A), in each of the Orders issued

continuing trial, the Court made findings that the ends of justice outweighed the best interests of the public and the defendants in a speedy trial, and ordered the period of delay from such continuance until the newly scheduled trial date excluded from the Speedy Trial Act's time for bringing defendants to trial. (Docs. 291 and 358.)

## LAW AND ARGUMENT

The Speedy Trial Act ("STA") (18 U.S.C. § 3161, et. seq.) provides that the trial of a defendant charged in an indictment must commence within 70 days of the later of the filing of the indictment or the defendant's appearance before a judicial officer within the district he is charged. See 18 U.S.C. § 3161(c)(1). However, Congress included in the STA a long and detailed list of periods of delay that are excluded in computing the time within which trial must start to provide the necessary flexibility in criminal cases. Zedner v. United States, 547 U.S. 489, 497 (2006). Thus, the STA provides a number of automatic exclusions to this 70-day time period, generally contained at 18 U.S.C. § 3161(h)(1), and as relevant here, including the following:

> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> . . . .
>
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

The STA also provides for exclusion of delay for other reasons, including a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted, see 18

2

U.S.C. § 3161(h)(6), and delay resulting from a continuance granted by a judge on the judge's own motion, or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge finds that the "ends of justice" served by granting such a continuance "outweigh the best interest of the public and the defendant in a speedy trial," see 18 U.S.C. § 3161(h)(7)(A).  These actions and events either automatically, or due to appropriate findings by the judge, "toll" or exclude the resulting delay from time for bringing the Defendant to trial under the STA.  See United States v. Leone, 823 F.2d 246, 249 (8th Cir. 1987).  Many of these are present here and they, along with the findings of the Court to date, have tolled the STA time clock such that the time for bringing Defendant to trial has not run.

Although Defendant's STA rights accrued at his initial appearance, the STA's 70-day time clock for bringing Defendant to trial did not actually begin running upon that initial appearance, but was "tolled" as there was a co-defendant (Posey) with whom Defendant was jointly charged at that time who had not yet appeared. The STA provides that where multiple defendants are joined for trial and no motion for severance has been granted, the STA's statutory time period for bringing the jointly charged defendants to trial does not begin to run until the last codefendant has been indicted or arraigned, and exclusions of time attributable to one defendant apply to all codefendants. See Henderson v. United States, 476 U.S. 321, 323 n. 2, (1986); United States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998); 18 U.S.C. § 3161(h)(6). In that instance, "all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants."

United States v. Lightfoot, 483 F.3d 876, 886 (8th Cir. 2007) (referencing Patterson, 140 F.3d at 772). This ensures that speedy trial considerations will not hamper the joinder of defendants who have different amounts of time left on their respective speedy trial clocks. Id. Thus, as Posey had not yet appeared or been severed at Defendant's initial appearance, the STA clock was tolled and not running.

If trial proceeds as scheduled, approximately 22 months will have passed since Defendant appeared. However, much of this time is excluded from the 70-day STA computation. First, not all co-defendants had appeared at or about the time of Defendant's initial appearance. Therefore, the STA clock did not commence until the last co-defendant appeared. Upon the last co-defendant Posey's appearance on March 3, 2025, the STA time clock commenced running. The clock stopped again upon the filing of Posey's first motion to continue. 18 U.S.C. § 3161(h)(1)(D). In its order granting this motion and continuing trial, the Court specifically excluded all time from the STA's trial clock until the next scheduled trial date (October 7, 2025), pursuant to 18 U.S.C. § 3161(h)(6). (Doc. 291.) Therefore, only 25 days elapsed from the STA computation to that point.

Prior to the October trial date, co-defendant Posey filed a second motion to continue, which the Court again granted and in which the Court once again specifically excluded all time from the STA's trial clock based upon its ends of justice finding, and rescheduled trial to February 24, 2026. (Doc. 358.) Accordingly, no further time elapsed from the STA's computation for bringing Defendant to trial.

The STA computation is shown in the chart below.

**Speedy Trial Calculation**

| Date of Event | Type of Event | Date Resolved | STA Days Remaining |
|---|---|---|---|
| Apr. 18, 2024 | Indictment (Doc. 3) | Mar. 3, 2025 | 70 days |
| Mar. 3, 2025 | Initial Appearance, Arraignment held as to Posey (Doc. 259) | Mar. 3, 2025 | 70 days |
| Mar. 28, 2025 | Motion to Continue Trial filed by Posey (Doc. 277) | Apr. 4, 2025; trial continued to Oct. 7, 2025 (Doc. 291) | 45 days |
| June 20, 2025 | Motion to Suppress filed by Haymon (Doc. 315) | Feb. 5, 2026; Order adopting R&R and denying Motion to Suppress (Doc. 387) | |
| Sept. 5, 2025 | Motion to Continue Trial by Posey (Doc. 345) | Sept. 30, 2025; trial continued to Feb. 24, 2026 (Doc. 358) | |
| Jan. 20, 2025 | Motion to Continue Trial by Haymon (Doc. 382) | - | |
| Feb. 9, 2026 | Motion to Continue Trial by Martell (Doc. 390) | - | |

**CONCLUSION**

Based upon the foregoing, the United States asserts that 25 days have tolled for STA purposes.

Dated: February 13, 2026

        NICHOLAS W. CHASE
        United States Attorney

By:   /s/ *Dawn M. Deitz*
       DAWN M. DEITZ
       Assistant United States Attorney
       ND Bar ID 06534
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       dawn.deitz@usdoj.gov
       Attorney for United States