IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Case No.: 3:24-cr-00058 |
| vs. | **RESPONSE AND OBJECTION TO EXPERT WITNESS NOTICE** |
| Lamar Warren, | |
| Defendant. | |

### INTRODUCTION

[¶ 1]   On February 10, 2026, the United States filed an expert witness notice[1] with the Court. Doc. 392. This is Mr. Warren's Response and Objection to the untimely notice.

### STATEMENT OF FACTS

[¶ 2]   On April 18, 2024, an eight count Indictment was filed with the Court. Doc. 4. Mr. Warren was charged in Counts One and Two, of the Indictment. Id. Mr. Warren was arrested on May 1, 2024 and has remained in custody for the entirety of this case. Doc. 50, 51. On March 3, 2025, the Court issued a Criminal Pretrial Order and Jury Trial Notice. Doc. 260. Mr. Warren's jury trial was set for May 6, 2025. Id. The Order further stated: "The Government and the Defendant shall make their respective expert disclosures under Rule 16(a)(1)(G) and 16(b)(1)(C) at least twenty-eight (28) days prior to trial unless otherwise ordered by the court." Id. This is Mr. Warren's objection to the United States' untimely notice.

### LAW AND ARGUMENT

**I.   The Court should exclude the United States' experts due to the untimely disclosure.**

---

[1] The United States in its notice claims that this is an "amended notice of anticipated expert testimony." Doc. 392. However, after searching through all of the filings in this case, this appears to be the first Expert Notice the United States has filed.

[¶ 3]   "Rule 16(a)(1)(G) requires the government to provide a summary of an expert witness's expected testimony, including 'the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.' " United States v. Conroy, 424 F.3d 833, 838 (8th Cir. 2005). "The court, by order or local rule, must set a time for the government to make its disclosures." Rule 16(a)(1)(G)(ii). "The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Id.

[¶ 4]   In United States v. Sims, the defendant was arrested and charged with, among other things, being a felon in possession of a firearm. 776 F.3d 583, 584 (8th Cir. 2015). On August 21, 2013, a magistrate judge ordered that the government disclose all expert testimony to Sims by April 10, 2014, seven days before the final pretrial conference." Id. "Trial was set for April 28, 2014, 18 days after the disclosure date." Id. On April 21, 2014, one week before the trial was to begin, the lab sent the government a report which stated that Sims was the source of the majority of the DNA on the gun. Id. Sims moved to exclude the DNA evidence due to the late disclosure. Id. The government moved to continue the trial to a later date, within Sim's speedy-trial deadline, to give him time to review the new evidence. Id. at 585. The district court granted Sim's motion and excluded the testimony. Id. The government appealed. Id.

[¶ 5]   The Eighth Circuit affirmed the district court's exclusion of the DNA evidence, holding that the court did not abuse its discretion. Sims, 776 F.3d at 586. In evaluating the sanction, the court considered three factors: 1) the reason for the delay, including whether the government acted in bad faith; 2) the prejudice to the defendant; and (3) whether a lesser sanction would ensure future compliance with court orders. Id. at 585-586. The court agreed that the government acted in reckless disregard of the discovery deadline by failing to follow up with the lab and by representing it was ready for trial while still awaiting critical DNA results. Id. at 586. The court

further concluded that Sims was prejudiced because the late disclosure deprived him of the opportunity to meaningfully review the evidence, prepare cross-examination, and obtain a rebuttal expert before trial. Id. Although a continuance was available, the Eighth Circuit held that the district court acted within its broad discretion in determining that exclusion was the appropriate sanction to remedy the prejudice and deter future violations. Id.

[¶ 6]    The present case is analogous to Sims. The Court's March 3, 2025 Criminal Pretrial Order required expert disclosures at least twenty-eight days prior to trial. The Government filed its Expert Witness Notice on February 10, 2026, two weeks **after** the court ordered deadline. This case has been pending since April 18, 2024. Mr. Warren has been in custody since May 1, 2024. The Government was aware of the Court's disclosure deadline for nearly a year. *See* Doc. 260. Yet it waited until approximately two weeks before trial to provide notice of three expert witnesses, including two forensic scientists whose testimony is central to the fentanyl weight calculation and a law enforcement "drug trafficking practices expert" whose testimony goes directly to intent and distribution.

[¶ 7]    Under the framework articulated in Sims, exclusion is appropriate. First, there is no legitimate justification for the delay. The Government has long possessed the laboratory evidence for Ms. Moline. The notice concedes that her reports were already in discovery at Bates Nos. 001734-35. However, as to Ms. Rittenbach, the Government states that her reports and related documents "will be provided in supplemental discovery," despite the government claiming they were trial-ready at the status conference on February 12, 2026. That mirrors the conduct condemned in Sims; announcing readiness while key expert disclosures remain outstanding. The Government waited until approximately two weeks before trial to disclose two of its experts and has yet to produce Ms. Rittenbach's reports. Although Ms. Moline's laboratory

materials have long been in the Government's possession, the Government never previously indicated it intended to call her as an expert. This delay reflects disregard for the Court's scheduling order and unfair surprise to the defense. Additionally, trial had previously been scheduled for October 7, 2025, and was not continued until September 30, 2025. The Government offers no explanation why it failed to comply with the expert deadline at that time either. This record supports a finding of bad faith or, at minimum, willful disregard of the scheduling order.

[¶ 8]     Second, Mr. Warren is substantially prejudiced. He faces a five-year mandatory minimum predicated on the alleged fentanyl weight exceeding forty grams. The composition, testing methodology, and weight calculation of the pills are therefore critical elements of the charged offense. Without timely disclosure, Mr. Warren is deprived of the meaningful opportunity to consult with and retain a rebuttal forensic scientist to evaluate the testing procedures, challenge the weight extrapolations, or prepare effective cross-examination. As in Sims, the late disclosure prevents meaningful preparation of evidence that goes to the heart of the Government's case.

[¶ 9]     Third, a continuance would not cure the prejudice and would not secure compliance. Mr. Warren has been incarcerated for approximately twenty-two months. He has asserted his speedy trial rights from the outset. At the pretrial conference, the Court indicated that the next available trial date would not occur until at least September 2026, nearly two and a half years after indictment. A continuance would therefore significantly implicate Mr. Warren's Sixth Amendment rights. Under these circumstances, exclusion is the only sanction that remedies the prejudice and enforces compliance with the Court's order.

## CONCLUSION

[¶ 11]     As such, Mr. Warren requests that the Court **EXCLUDE** the United States' Expert's. As

in Sims, the Court possesses broad discretion to exclude expert testimony where the Government disregards discovery deadlines and causes substantial prejudice. The Government's untimely disclosure, absence of justification, and the severe prejudice to a detained defendant facing a mandatory minimum sentence warrant exclusion of the expert testimony.

Dated this 17th day of February, 2026.

                                          Digitally signed by Adam Justinger
                                          Date: 2026.02.17 17:45:54 -06'00'

Adam Justinger (ND ID #08635)
SW&L Attorneys
4627 44th Avenue South, Suite 108
Fargo, North Dakota 58104
Telephone: (701) 297-2890
Fax: (701) 297-2896
adam.justinger@swlattorneys.com
ATTORNEYS FOR DEFENDANT