IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| United States of America, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Maurice Haymon, Jr., et al, )<br>)<br>Defendants. ) | **ORDER GRANTING MOTIONS TO CONTINUE AND GRANTING MOTION TO SEVER**<br><br>Case No. 3:24-cr-58 |

The ten defendants were indicted by the United States for drug conspiracy offenses on April 18, 2024. Doc. 3. The final defendant to appear, Collin Posey, was arrested March 3, 2025. Doc. 259. A jury trial was originally set for May 6, 2025 (Doc. 260) but was later reset to October 7, 2025 (Doc. 305) after the Court granted Posey's motion to continue trial (Doc. 277) and denied Lamar Warren's motion to be severed from his co-defendants (Doc. 281). Doc. 291. Trial was reset again to February 24, 2026, after the Court granted defendants Posey and Joseph Christopher Martell's motions to continue (Docs. 345, 351) and denied Warren's second request to sever (Doc. 349). Doc. 358.

On January 20, 2026, defendant Maurice Haymon, Jr. filed a motion to continue (Doc. 382), which was later joined by Martell (Doc. 390) and unobjected to by Posey (Doc. 395). Warren objected to the continuance (Doc. 384) and filed a third motion to sever (Doc. 386). On February 12, 2026, the Court held a status conference with the remaining defendants: Haymon, Warren, Martell, and Posey. Doc. 394. Haymon, Martell, and Posey indicated their support for a continuance to further investigate, prepare for trial, and possibly resolve their cases. Id. Warren reiterated his objection to a continuance. Id. The United States did not object to the motions to

continue but objected to the motion to sever Warren. Id. Haymon, Martell, and Posey filed written consent forms acknowledging that the delay would be excluded from any calculation under the Speedy Trial Act. Docs. 383, 401, and 395.

There is good cause to continue the trial, and "the ends of justice served by taking such action outweigh the best interest of the public and the defendant[s] in a speedy trial" pursuant to 18 U.S.C. § 3161(h)(7)(A). See United States v. Lucas, 499 F.3d 769, 782-83 (8th Cir. 2007); United States v. Hohn, 8 F.3d 1301, 1305 (8th Cir. 1993); United States v. Driver, 945 F.2d 1410, 1414 (8th Cir. 1991). So, the Court grants Haymon and Martell's motions to continue. Docs. 382, 390.

However, continued joinder would prejudice Warren. While it is rare for a district court to sever alleged coconspirators, Rule 14(a) "vests the district court with authority to order severance if consolidation for trial appears to prejudice the government or a defendant." United States v. Beckman, 787 F.3d 466, 491 (8th Cir. 2015). Prejudice precludes otherwise valid joinder "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." Zafiro v. United States, 506 U.S. 534, 539 (1993). Since October 28, 2024, Warren has repeatedly asserted his rights under the Speedy Trial Act and objected to continuing the trial date. Docs. 215, 280, 349, 384. He has been in custody for 659 days. Doc. 51. The Court recognizes the inherent challenges for the United States in trying codefendants in separate trials, but a third continuance would risk prejudice to Warren who has been clear in his demand for a speedy trial.

Haymon and Martell's motions to continue (Docs. 382, 390) are **GRANTED**, and Warren's motion to sever (Doc. 386) is **GRANTED**. Trial for Haymon, Martell, and Posey will be reset to a date to be determined, and trial for Warren will remain as scheduled.

**IT IS SO ORDERED**.

Dated this 19th day of February, 2026.

                                                */s/ Peter D. Welte*
                                                Peter D. Welte, Chief Judge
                                                United States District Court