**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DETAINING MATERIAL WITNESS** |
| vs. | ) | **ELIZABETH MARIE MENDEZ PENDING** |
| | ) | **TRIAL** |
| Lamar Warren, | ) | |
| | ) | Case No. 3:24-cr-058 |
| Defendant. | ) | |

On July 6, 2026, the United States filed an *ex parte* motion requesting that the court issue a warrant for the arrest of material witness Elizabeth Marie Mendez ("Mendez"). (Doc No. 489). The court granted the motion and issued an arrest warrant for Mendez. (Doc. No. 491).

Mendez was arrested on July 8, 2026. (Doc. No. 494). On July 9, 2026, she appeared before the court, which appointed counsel to represent her in this matter and remanded her to the custody of the United State Marshal pending a detention hearing on July 13, 2026. (Doc. No. 501).

The court convened a detention hearing for Mendez on July 13, 2026. For the reasons that follow, Mendez is ordered detained pending trial.

A material witness may be detained in accordance with 18 U.S.C. § 3144 to insure her appearance at a criminal proceeding. That statute provides as follows:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

18 U.S.C. § 3144. "If a material witness refuses to be deposed and it is impracticable to secure the

appearance of that witness by subpoena, or if deposition testimony would not serve as an adequate alternative to the witness's live testimony, the the court must consider the issue of detention in accordance with U.S.C. § 3142." United States v. Nai, 949 F. Supp. 42, 44 (D. Mass. 1996).

Section 3142 as it pertains to detention of material witnesses establishes a two steps process for determining whether a material witness should be detained. First, a material witness may be detained if there is a serious risk that the witness will flee. 18 U.S.C. § 3142(f)(2). Second, the court must determine whether any condition or combination of conditions will reasonably ensure the appearance of the material witness in this case. Under this second step, a condition of release could be the taking of the witness's deposition in lieu of detention. See 18 U.S.C. § 3144.

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [material witness]," the court considers the factors set forth in 18 U.S.C. § 3142(g). Here, these factors weigh in favor of detention. Mendez has a significant criminal history that includes drug-related conduct and multiple failures to abide by court orders. Mendez also has ongoing substance abuse issues that are presently untreated and as well as untreated mental health issues. Mendez is currently unemployed and lacks resources to support independent living. Mendez's proffered release option, release to her grandfather's residence, lacks sufficient security, supervision, and security. Moreover, Mendez's grandfather has apparently suggested or otherwise expressed concern that Defendant will likely run given her struggles with substance abuse and avoidance of family for some time.

Accordingly, Mendez shall be detained pending trial, which is presently to begin on July 28, 2026. Defendant shall be released from federal custody after she has testified at trial and has been "released as a witness."

**IT IS SO ORDERED.**

Dated this 14th day of July, 2026.


                                               */s/ Clare R. Hochhalter*
                                               Clare R. Hochhalter, Magistrate Judge
                                               United States District Court